IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BANK OF THE OZARKS                                              PLAINTIFF

v.                      Case No. 4:12-mc-00021 KGB

CAPITAL MORTGAGE CORPORATION;
FIRST FINANCIAL FUNDING, INC.;
PRIME EQUITY LENDING, INC.;
HONEY CREEK PROPERTIES, INC.;
REALTY RESOURCES CORPORATION;
RONALD LIPSITZ, a/k/a Ron Lipsitz;
FRED B. WACHTER; and
DAVID E. ARONSTEIN                                              DEFENDANTS

## OPINION AND ORDER

### I.    Procedural Posture & Background

Plaintiff Bank of the Ozarks filed a Motion to Quash Subpoena, Motion for Protective Order, and Motion to Stay Deposition (Dkt. No. 1) on July 5, 2012 on this Court's miscellaneous docket. The underlying case is pending in the United States District Court for the Northern District of Georgia.[1] Defendants served George Gleason with a subpoena on June 29, 2012 ("Gleason Subpoena") that commanded him to testify at a deposition in Little Rock, Arkansas on July 9, 2012. Mr. Gleason is the Chairman of the Board and Chief Executive Officer of Bank of the Ozarks. On July 5, 2012, this Court ordered that Mr. Gleason's deposition be stayed pending a resolution of the motion. In that same Order, the Court set forth an expedited briefing schedule. In accordance with that schedule, defendants responded to the motion to quash (Dkt. No. 7), and plaintiff replied (Dkt. No. 11). The Court heard argument on the pending motion at a hearing conducted on July 11, 2012.

---

[1] *Bank of the Ozarks v. Capital Mortgage Corporation et al.*, Case No. 1:12-cv-00405-CAP.

This Court has jurisdiction pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure, which requires under certain circumstances the "issuing court" to quash or modify a subpoena. For the reasons set out below, the Court quashes the Gleason Subpoena but does so without prejudice to defendants' ability to move the appropriate court for leave to take Mr. Gleason's deposition at a later date, after additional discovery has been completed demonstrating Mr. Gleason has unique personal knowledge unavailable through other less burdensome avenues of discovery.

## II. Discussion

A federal district court has broad discretion with regard to discovery motions. *See United States v. Washington*, 318 F.3d 845, 857 (8th Cir. 2003). Plaintiff argues that the Gleason Subpoena should be quashed because it creates an undue burden on Mr. Gleason by running afoul of the apex doctrine.[2] The apex doctrine "protects high-level corporate officials from deposition unless (1) the executive has unique or special knowledge of the facts at issue and (2) other less burdensome avenues for obtaining the information sought have been exhausted." *Wal-Mart Stores, Inc. v. Vidalakis*, 2007 WL 4591569, at *1-2 (W.D. Ark., Dec. 28, 2007). This Court notes that, although the apex doctrine has been discussed when resolving discovery disputes in the Western District of Arkansas, there is no controlling authority that directs this Court to apply the doctrine. *See Vidalakis*, 2007 WL 4591569, at *1-2; *Mills v. Wal-Mart Stores, Inc.*, 2007 WL 2298249, at *1-2 (W.D. Ark., Aug. 7, 2007).

"Virtually every court that has addressed deposition notices directed at officials at the high level or 'apex' of corporate management has observed that such discovery creates a

---

[2] The parties dispute relevance. Plaintiff asserts that the discovery defendants seek by way of the Gleason Subpoena is irrelevant and unnecessary, while defendants contend the opposite is true. This Court's Order, for purposes of resolving this isolated discovery matter, does not address or resolve the issue of relevance.

2

tremendous potential for harassment." *Celerity, Inc. v. Ultra Clean Holdings, Inc.*, 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007).[3] Federal Rule of Civil Procedure 26(c) authorizes the Court, for good cause shown, to make any order which justice requires "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Whether the Court applies the apex doctrine or relies solely on the Federal Rules of Civil Procedure, this Court must balance the competing interests of allowing discovery and protecting the parties and deponents from undue burden.

This situation is similar to those at issue in *Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979), and *Baine v. General Motors*, 141 F.R.D. 332 (M.D. Ala. 1991). In *Salter* and *Baine*, the courts did not permit depositions of high-ranking company officials to proceed when the Federal Rule of Civil Procedure 30(b)(6) corporate deposition or other depositions of lower-ranking company officials had not been taken first. *Salter*, 593 F.2d at 651 (upholding the district court's requirement that a plaintiff first depose other witnesses before being able to depose the defendant's company president); *Baine*, 141 F.R.D. at 335 (concluding that deposing the vice president of the defendant company would be "oppressive, inconvenient, and burdensome inasmuch as it has not been established that the information necessary cannot be had from [other witnesses]" and the corporate deposition had not yet been taken, which might provide some information plaintiffs were seeking).

Several courts have taken a wait-and-see approach in fashioning an order resolving these types of discovery disputes. In *Celerity*, the court noted that, if it granted plaintiff's motion for a protective order, the court "need not absolutely preclude [defendant] from taking the depositions

---

[3] Although defendants suggest that the rationale from these cases is inapplicable to the facts presented here, the Court is not persuaded. Bank of the Ozarks operates 114 offices in seven states, and Mr. Gleason is the Chairman of the Board and Chief Executive Officer.

of Celerity's top two executives, but may merely postpone them until and if [defendant] can demonstrate that other less intrusive discovery methods, such as interrogatories and depositions of Celerity's lower level employees, are inadequate." 2007 WL 205067, at *4-5. In *Salter*, the Fifth Circuit Court of Appeals stated that "[i]t is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." 593 F.2d at 651. The Fifth Circuit upheld the district court's order protecting the president of a drug-manufacturing company from deposition, relying, in part, on the fact that "[t]he trial judge had indicated that if the testimony of the other employees was unsatisfactory, he would allow the plaintiff" to take the deposition. *Id.* The Fifth Circuit concluded that the court's order did not totally prohibit the president's deposition but was merely an exercise of "the broad discretion" a district court has in "controlling the timing of discovery." *Id.*

This Court adopts the wait-and-see approach articulated in *Celerity* and *Salter*. In this case, the parties do not contend that Mr. Gleason lacks personal knowledge. The defendants, however, have not demonstrated that Mr. Gleason's knowledge is truly unique or that they have exhausted less burdensome avenues for obtaining the information they intend to seek from Mr. Gleason. Plaintiff asserts that there are other bank employees who can adequately provide the information sought by defendants. Although defendants contest this point, defendants concede they have not deposed any other employees or officers of Bank of the Ozarks. Defendants also have not submitted to this Court for review any written discovery tailored to obtain the information they intend to seek in Mr. Gleason's deposition.

With the discovery deadline in the underlying case now extended to October 1, 2012, defendants have ample time to depose other Bank of the Ozarks employees or officers disclosed by plaintiff, identified in plaintiff's documents, or produced by plaintiff for deposition in

4

response to a properly drawn Federal Rule of Civil Procedure 30(b)(6) notice on the topics about which defendants state they want to inquire. Before deposing Mr. Gleason, defendants should make a good-faith effort to pursue less burdensome avenues for obtaining the information sought. If no other bank employees or officers possess knowledge on the topics identified and defendants can demonstrate to the appropriate court that Mr. Gleason's deposition is necessary to discover unique personal knowledge unavailable through other less burdensome avenues, defendants may move the appropriate court to proceed with Mr. Gleason's deposition.

* * *

For these reasons, the Court quashes the Gleason Subpoena but does so without prejudice to defendants' ability to move the appropriate court for leave to depose Mr. Gleason at a later date, after additional discovery has been completed demonstrating Mr. Gleason has unique personal knowledge unavailable through other less burdensome avenues of discovery.

SO ORDERED this the 18 day of July, 2012.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge